|   |   |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR14-5526 BHS |
| Plaintiff, | ORDER DENYING DEFENDANT'S PRO SE MOTION FOR JUDICIAL RECOMMENDATION |
| v. | |
| MANISELA V. PRESCOTT, | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court upon receipt of a pro se motion for reconsideration ("Motion") filed by Defendant Manisela Prescott ("Prescott"). The Court has considered Prescott's motion, supporting exhibits, and the remainder of the file. The Court hereby denies the motion for the reasons stated herein.

In 2015 the Court sentenced Prescott to a term of incarceration for Conspiracy to Distribute Methamphetamine. Dkt. 50. The Court recommended Prescott be placed at FCI Sheridan, *id.*, which is the closest Bureau of Prisons ("BOP") facility to this District. Prescott is currently incarcerated at FCI Lompoc in California with an expected release date of September 2, 2024.[1]

Under the Second Chance Act of 2007, a federal prisoner's eligibility for pre-release placement in a Residential Reentry Center ("RRC") increased from 6 to 12

---

[1] *See* https://www.bop.gov/inmateloc, populated with search terms for "Manisela V. Prescott" (last visited July 17, 2019).

months. 18 U.S.C. § 3624(c)(1). BOP has exclusive statutory authority over a prisoner's imprisonment placement. 18 U.S.C. § 3621(b). BOP exercises its authority to determine individual prisoner RRC placements by applying the criteria set forth in 18 U.S.C. § 3621(b). Relevant to the instant motion, one of the factors BOP considers is "any statement by the court that imposed the sentence . . . (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B).[2] Thus, sentencing courts are empowered to make judicial recommendations for RRC to BOP. *Id.*

Prescott seeks a judicial recommendation from this Court to the BOP for placement in a RRC facility. Motion at 2. Prescott asserts that a judicial recommendation for RRC placement "will allow me to get back to the community and provide much needed service work there and tend to my family needs." *Id.* In support of the motion, Prescott cites his good performance while on pretrial monitoring, the positive comments the Court made about his volunteer work with homeless, vulnerable youth, and wounded warrior communities at sentencing, and his establishment of a bible study group and completion of rehabilitation programming while incarcerated. *Id.* at 2–3.

Although the Court commends Prescott's volunteer work and his efforts to better himself during incarceration, the Court concludes that BOP is in the best position to determine the appropriate place for him to serve the remainder of his sentence. *See United States v. Statzer*, No. 08–CR–024–020, 2016 WL 5940926, at *2 (W.D. Va. Oct. 13, 2016) (finding that BOP was in the best position to determine the proper placement of

---

[2] However, the recommendation has "no binding effect" on BOP's authority to determine or change a prisoner's placement at a certain correctional institution. 18 U.S.C. § 3621(5).

a prisoner based on its exclusive statutory authority and sole discretion to determine prisoner placements); *United States v. Huynh*, No. 12–CR–0456–PJH–2, 2016 WL 6025463, at *2 (N.D. Cal. Oct. 14, 2016) (determining that BOP was in a much better position than the court to consider the prisoner's request for a recommendation of placement at a RRC); *United States v. Collins*, No. 14–CR–0515–PJH–1, 2016 WL 5957618, at *2 (N.D. Cal. Oct. 14, 2016) (declining to recommend RRC because prisoner had just began her sentence and BOP would be in a better position to evaluate RRC placement when appropriate). While the Court can appreciate Prescott's request, he simply has not presented enough information to the Court to cause it to override its belief that BOP is in a better position to determine his placement. For example, BOP documentation indicates that Prescott received an "incident report for moderate misconduct" at some point. *See* Individualized Reentry Plan (Inmate Copy), at 2. Therefore, the Court declines to recommend that BOP place Prescott in a RRC facility.

The Clerk is directed to file Prescott's Motion and exhibits in the docket. The Clerk shall caption the Motion as a "Motion for Judicial Recommendation" and file the exhibits, but not the Motion, under seal.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge